### JOHN McCLATCHY v. RACHEL McCLATCHY.

1. WHETHER DIVORCE CASES ARE WITHIN SEC. 5134, REV. STAT.

Whether an action for divorce and alimony is within sec. 5134, Rev. Stat., pro-
viding that " cases in which there is an issue of fact, or in which damages are
to be assessed, shall be tried in the order in which they stand on the trial
docket, unless by the consent of parties, or by the order of the court, they
are continued or placed at the heel of the docket, or, for good cause shown,
may be especially assigned for trial or hearing out of their general order,"
*quære.*

2. CIRCUMSTANCES UNDER WHICH COURT DECLINES TO HOLD TRIAL OUT OF
ORDER.

For this reason, and inasmuch as the evidence relied upon to show that the
case was not tried in its proper order, consisting of an affidavit of the clerk
of the courts, failed to show the nature of the cases in advance of it, and in
view of sec. 569, Rev. Stat., providing that divorce cases may be heard and
decided at any time after the expiration of six weeks from the service of
summons, it cannot be held that the case in question was tried out of its
proper order.

3. SERVICE OF NOTICE OF TAKING DEPOSITIONS.

Service of the notice of taking depositions, made upon an attorney who was,
at the time, employed in the case, is not invalidated by the fact that a person
unknown upon the record accepted service of such notice.

ERROR to the Court of Common Pleas of Cuyahoga county.

MARVIN, J.

The judgment of the court of common pleas is affirmed.

Two errors are complained of: First, that the case of Rachel Mc-
Clatchy v. John McClatchy, for divorce, was tried in the court of com-
mon pleas out of its order, without the consent of the defendant, and
without having been especially assigned for trial or hearing out of its
regular order. It is said that this is in violation of sec. 5134, Rev. Stat.,
which provides that "cases in which there is an issue of fact, or in
which damages are to be assessed, shall be tried in the order in which
they stand on the trial docket, unless, by the consent of the parties, or
by the order of the court, they are continued or placed at the heel of the
docket, or, for good cause shown, may be especially assigned for trial or
hearing out of their regular order."

Although this was a case where the petition prayed for both divorce
and alimony, it may well be doubted whether it comes within the pro-
visions of that part of the section which has been quoted.

A further provision of the section reads:

"All other cases shall be heard in the order in which they stand
upon the trial docket, unless the court otherwise directs."

Section 466, Rev. Stat., provides that: "The judges of the court
of common pleas in Cuyahoga county may classify and arrange the busi-
ness therein and assign to each of the judges such portion of the business
as may be thought proper, and such business may be disposed of by all
or any number of the judges sitting together or each sitting separately."

It would be impracticable to carry on the business of the courts in
this county if no case could be heard in any room, or before any judge,

until all earlier cases which are ready for trial had been disposed of. This would necessitate the constant change of cases from one judge to another.

The evidence relied upon to show that this case was not tried in its proper order, is the affidavit of Mr. Coates, a clerk in the office of the clerk of the courts of the county, whose duty it was to enter the assignment of cases. He says that "On the twenty-fourth day of March, 1899" (the day on which this case was heard) "there was a very great number of cases pending, ready for trial, and untried, on the docket of the court of common pleas as aforesaid, in advance of and prior to, and, of right, ahead of case No. 64,605," the case under consideration. What the nature of these cases in advance was, is not shown by the affidavit of Mr. Coates. For all that appears, they may have all been jury cases, and not triable under the rules of the court, in the same room, or before the same judge, where this case was tried. And we are not prepared to say from this evidence and the law, that this case was not tried at a proper time, in view of sec. 5694, Rev. Stat., which provides, as to divorce cases, that they may be heard and decided at any time after the expiration of six weeks from the service of summons or the first publication of notice.

It is urged that the case was heard upon a deposition, of the taking of which the plaintiff in error had no notice. The affidavit of Mr. Conant shows that until long after the taking of such deposition he was the attorney of the plaintiff in error, and that notice of the taking of such deposition was served upon him.

It is true that a person unknown to the record accepted service of such notice, but this in no wise removes the validity of the service upon the attorney who was employed in the case.

*Johnson & Hackney* and *J. M. Patton*, for plaintiff in error.
*A. A. Mares*, for defendant in error.